IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARMAAL SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. N. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-4389 CW (PR)<br><br>ORDER REVIEWING AMENDMENTS TO COMPLAINT; DISMISSING CLAIMS AGAINST DEFENDANT HAILEY; ADDRESSING PENDING MOTIONS; SETTING DISCOVERY AND BRIEFING SCHEDULES<br><br>(Docket nos. 9, 11, 18, 19 and 24) |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2011, the Court ordered the complaint served on several Defendants and dismissed Plaintiff's claims against two Defendants with leave to amend. On February 3, 2012, the Defendants who were served with the original complaint filed an answer.

Now pending before the Court are Plaintiff's proposed amendments to the complaint. Also pending are several procedural motions filed by Plaintiff.

DISCUSSION

A. Amended Claims

The original complaint concerns Plaintiff's allegations that he has been provided with inadequate medical care for his migraine headaches since his arrival at PBSP in December 2, 2009. Based on such allegations, Plaintiff claims deliberate indifference to his serious medical needs and retaliation by PBSP medical staff.

    1.    Deliberate Indifference Claim Against Defendant Hailey

In its Order reviewing the complaint, the Court summarized

Plaintiff's allegations of inadequate medical care as follows:

> Here, according to Plaintiff's allegations, Defendants Stone and Anders denied Plaintiff medical treatment by failing to administer Plaintiff's prescribed dosage of Gabapentin, and Defendant Adams and Risenhoover denied Plaintiff medical treatment by failing to treat Plaintiff's migraine headaches and nerve twitching. Additionally, according to Plaintiff's allegations, Defendants Risenhoover and Escobar denied Plaintiff medical treatment by failing to review Plaintiff's medical records to confirm that he had a heart condition and had been advised to see a cardiologist.

Order at 10:27-11:8.

Based on such allegations, the Court found that Plaintiff stated a cognizable claim for deliberate indifference to his serious medical needs by Defendants Licensed Vocational Nurses (LVN) B. Stone and A. Anders, Dr. N. Adams, Nurse Practitioner S. Risenhoover and Correctional Officer R. Escobar.

The Court further found, however, that the complaint does not state a claim for relief against Defendant PBSP Correctional Officer Hailey, because Hailey is not linked specifically to the deliberate indifference allegations in the body of the complaint. Specifically, the Court explained:

> While Plaintiff alleges that Defendant Hailey informed Defendant Adams of the time remaining in Plaintiff's appointment, Plaintiff has not linked Defendant Hailey to his deliberate indifference claims. As such, Plaintiff has failed to state a cognizable deliberate indifference claim against Defendant Hailey. Accordingly, Plaintiff's claim against Defendant Hailey is DISMISSED with leave to amend. Plaintiff may reassert his deliberate indifference claim against Defendant Hailey in an amendment to the complaint if he can, in good faith, allege facts demonstrating that Defendant Hailey knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. [Citation omitted.]

Order at 12:9-20.

In his amendment to the complaint, Plaintiff alleges the

following with respect to Hailey's actions: During Plaintiff's medical visit with Nurse Risenhoover on February 25, 2010, Hailey stuck his head through the door and said, "Dr. you have 5 minutes." Am. Compl. at 2:3-5. Plaintiff then asked Risenhoover whether she had reviewed his file. Risenhoover responded, "I don't need to, migraines are not treated with Gabapentin." Id. at 2:8-9. Hailey again opened the door and announced that Plaintiff's time was up. Id. at 2:10-12. On March 3, 2010, Plaintiff filed an administrative grievance against Hailey. Id. at 2:13-14.

Plaintiff's allegations fail to state a claim for relief because they essentially are identical to his allegations against Hailey in the original complaint. See Order at 7:3-7:17. Plaintiff has added nothing more to link Hailey to actions that even remotely resemble the type of behavior necessary to state a claim for deliberate indifference to serious medical needs. Accordingly, this claim against Hailey is DISMISSED without leave to amend and, because this is the only claim to which Hailey is linked, Hailey is no longer a Defendant in this action.

2. Retaliation Claim against Defendant Stone

In the original complaint, Plaintiff alleged the following: (1) he suspected Nurse Stone of under-medicating him; (2) he confronted her with this information and she became angry and tried to convince him otherwise; (3) he asked for her name and indicated that he would file a complaint against her; (4) she retaliated against him by manipulating the doctor into changing the remaining length of Plaintiff's prescription medicine from thirty to seven days.

3

The Court found Plaintiff's allegations failed to state a claim for retaliation for the following reasons:

> Plaintiff alleges that, because he asked for Defendant Stone's name and indicated that he would file a complaint against her, she retaliated against him by manipulating the doctor into changing the remaining length of his Gabapentin prescription from thirty to seven days. (Compl. at 16.) Plaintiff has not alleged facts sufficient to support each of the elements of retaliation. In addition, his conclusory allegation of wrongdoing on the part of Defendant Stone -- based on her manipulating the doctor -- is speculative and thus insufficient to state a cognizable claim for relief. Furthermore, the alleged retaliation occurred prior to Plaintiff filing his grievance against Defendant Stone. Thus, without proof that a grievance was filed prior to the manipulation of his medication, Plaintiff cannot show that this adverse action against him was because of protected conduct. Plaintiff has failed to state a cognizable retaliation claim against Defendant Stone.
>
> Accordingly, Plaintiff's retaliation claim against Defendant Stone is DISMISSED with leave to amend. Plaintiff may reassert his retaliation claim against Defendant Stone in an amendment to the complaint if Plaintiff can, in good faith, allege that he engaged in constitutionally protected conduct, that Defendant Stone took adverse action against him in retaliation for the protected conduct, and that Plaintiff suffered harm as a result of the retaliation.

Order at 13:9-14:4.

Plaintiff's amended claim against Stone includes no new factual allegations. Instead, based on the same facts set forth above, he argues that a retaliatory inference can be drawn that the doctor shortened his medication prescription because of interference by Stone. For the same reasons discussed in the Order dismissing the claim against Stone with leave to amend, the Court finds Plaintiff's allegations against Stone fail to state a claim for retaliation. Accordingly, this claim against Stone is DISMISSED without leave to amend.

//

4

B.  Motions for Preliminary Injunction/Urging Court to Act

On March 25, 2011, prior to the Court's Order serving the complaint on Defendants, Plaintiff filed a motion seeking immediate injunctive relief to order Defendants Adams and Risenhoover to provide him with medication to treat his migraine headaches. Mot. for Prelim. Inj. at 1. Specifically, Plaintiff claimed that Adams and Risenhoover terminated his prescription for Gabapentin, which he first received on August 12, 2008, and, as a result, he had experienced migraine headaches on at least thirteen occasions, the most recent migraine headache occurring on February 21, 2011. Id. at 5. Thereafter, on June 10, 2011, Plaintiff filed a motion urging the Court to take action on his request for preliminary injunctive relief.

In the Order of Service, the Court directed Adams and Risenhoover to file a response to Plaintiff's motion on the same due date for the answer to the complaint. On February 3, 2012, Defendants filed a timely answer but did not file a response to Plaintiff's motion.

As it has been eleven months since Plaintiff filed his request for preliminary injunctive relief, Defendants only recently have been served and made an appearance, and it is possible that, in the interim, Plaintiff's circumstances have changed such that his request has been rendered moot or is subject to modification, the Court DENIES Plaintiff's motion without prejudice to his filing and serving on Defendant's counsel a renewed motion for a preliminary injunction if he is of the good-faith belief that he still requires preliminary injunctive relief.

//

5

C.   Motions for Revised Scheduling Order/Discovery Order

    1.   Revised Scheduling Order

Plaintiff moves the Court to revise the schedule set for seeking extensions of filing deadlines in this action.

In the Order of Service, the Court directed that any motion for an extension of time must be filed no later than fifteen days prior to the deadline sought to be extended. Plaintiff, however, expresses concern that certain photocopying polices at PBSP might prevent him from knowing fifteen days prior to a filing deadline whether his documents can be filed timely. Consequently, Plaintiff requests that the Court change the filing deadline for requesting an extension of time to five days prior to the deadline sought to be extended.

In the interest of efficiently managing the progress of this case, Plaintiff's request to modify the deadline to file a request for an extension of time is DENIED. But, if Plaintiff learns after the fifteen-day deadline has passed that his timely filing of papers will be delayed due to the above policy, he may file a belated request for extension of time, together with a signed declaration stating the reasons therefor.

Plaintiff also moves for an extension of the ninety day deadline for Defendants to file their motion for summary judgment. Defendants do not oppose. The Court denies this motion without prejudice, although the Court sets out a new briefing schedule below. If Defendants have good cause to seek an extension, they may do so. If Defendants file their motion and Plaintiff has good cause to seek an extension of his time to oppose, he may do so at that time.

6

2. Deposition of Defendant Adams

Plaintiff moves for a Court order allowing him to conduct a non-stenographic deposition of Defendant Adams. Plaintiff's request is premature, however, because there is no evidence in the record to suggest that Plaintiff has addressed this matter with Defendant's counsel before asking the Court to intervene, or that the parties have made a good faith effort to meet and confer to attempt to resolve any discovery dispute.[1] Accordingly, Plaintiff's motion is DENIED without prejudice.[2] The parties shall comply with the discovery schedule set forth in the Conclusion of this Order.

D. Defendant Anders

Service has been ineffective on Defendant Anders. Specifically, the Court has been informed that the Litigation

---

[1] The district court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses, which normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d). Before filing any motion to compel discovery, the parties must make a good faith effort to meet and confer to attempt to resolve any discovery dispute, as is required by Civil Local Rule 37-1. When a party is incarcerated, the parties may meet and confer via written communication.

[2] Moreover, the Court notes that Plaintiff's right to discovery can be accommodated by written depositions conducted pursuant to Rule 31. Under this rule, Plaintiff may propound in written form the very same questions he would have asked orally. As with oral depositions, parties as well as non-parties may be examined by way of written depositions. Fed. R. Civ. P. 31(a)(1). Typically, a deponent answers written deposition questions orally, in the presence of a court officer. See Fed. R. Civ. P. 31(b). In the interest of justice, however, if Plaintiff uses the written deposition procedure, the Court will modify the procedure to allow the deponents to provide written answers to the written deposition questions. This procedure will also resolve the issue of taking the testimony under oath, for the witnesses must verify the written responses (just as answers to written interrogatories are verified). Consequently, appointment of a deposition officer authorized to administer oaths would not be required.

7

Coordinator at PBSP has no record of Anders ever having been employed at PBSP. Docket no. 16.

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Plaintiff is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990). Accordingly, and good cause appearing, Plaintiff, as set forth in the Conclusion of this Order, shall provide the Court with the current address of Defendant Anders or face dismissal of all claims against Defendant Anders.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's Eighth Amendment claim against Defendant Hailey for deliberate indifference to serious medical needs is DISMISSED without leave to amend. Hailey is no longer a Defendant in this action.

2. Plaintiff's First Amendment claim against Defendant Stone for retaliation is DISMISSED without leave to amend.

3. Plaintiff's motion for a preliminary injunction and motion urging the Court to act are DENIED without prejudice.

4. Plaintiff's requests to revise the scheduling order are DENIED without prejudice.

5. No later than **thirty** days from the date of this Order, Plaintiff must provide the Court with the current address of Defendant Anders, at which point service on Anders shall be

8

attempted for the second time. If service fails, or if Plaintiff fails to provide a current address for Anders, all claims against Anders will be dismissed.

6. The parties shall abide by the following discovery and briefing schedules:

    a. Discovery

No later than **sixty** days from the date of this Order, Plaintiff and Defendants must propound any written discovery requests they wish to make and must conduct any oral depositions. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Civil Local Rule 16-1 is required before the parties may conduct discovery.

All discovery must be completed no later than **ninety** days from the date of this Order.

    b. Summary Judgment

Defendants' motion for summary judgment shall be filed and served on Plaintiff no later than **one-hundred and twenty** days from the date of this Order.

Plaintiff's opposition to the motion for summary judgment must be filed and served on Defendants' counsel no later than **thirty** days from the date Plaintiff is served with such motion.

Defendants <u>shall</u> file a reply brief in support of the motion no later than **fourteen** days from the date they are served with Plaintiff's opposition.

This Order terminates Docket nos. 9, 11, 18, 19 and 24.

IT IS SO ORDERED.

DATED: 3/8/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE